IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCUS S. ANDRADE and § | | |
| KIMBERLY J. ANDRADE § | | |
|     Plaintiffs, § | | |
| § | | |
| VS. § | Case No. 4:12CV536 | |
| § | | |
| SETERUS, INC. § | | |
| § | | |
|     Defendant. § | | |

## ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On September 24, 2013, Plaintiff filed his Unopposed Motion to Exceed Page Limitation (Dkt. 49) and his Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction with a Request for Expedited Briefing (Dkt. 48). Plaintiff's Unopposed Motion to Exceed Page Limitation (Dkt. 49) is GRANTED and the Court has considered the entirety of the motion filed as well as the expedited briefing of the parties. Having heard the arguments of counsel at the September 30, 2013 hearing and having considered the record before it, however, the Court finds that the Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. 48) should be DENIED.

### STANDARD

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall

1

describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d). A plaintiff seeking injunctive relief must show:

    (1)    a substantial likelihood of success on the merits,

    (2)    a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted,

    (3)    that the threatened injury outweighs any damage that the injunction might cause the defendant, and

    (4)    that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506.

### BACKGROUND AND ANALYSIS

In his motion for injunctive relief, Plaintiff seeks to stop the noticed foreclosure on the real property located at 1426 Shetland Drive, Allen, Texas 75013 (the "Property"). According to the record, the foreclosure sale is set for October 1, 2013. The Court set the motion for hearing on September 30, 2013, and counsel for all parties appeared and presented argument to the Court.

Even if Plaintiff were able to establish a likelihood of success on the merits and the other elements required for injunctive relief, no injunction can issue. At the hearing, Plaintiff's counsel conceded that Plaintiff has not made or attempted to make any mortgage payments for at least two years. And, according to Defendant Seterus, the current amount owing on the Note exceeds $36,000.

Under Rule 65(c):

> **(c) Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

FED. R. CIV. P. 65(c).

Having heard the arguments regarding the undisputed amounts still owing as well as the monthly amounts which still continue to accrue, Plaintiff must thus give adequate security to stop any foreclosure. The Court finds that, in order for an injunction to be issued to stop the scheduled foreclosure, Plaintiff would need to secure a bond in the amount of $36,000 and make monthly payments in the amount of his monthly mortgage payments into the Registry of the Court. The Court finds this amount would maintain the status quo and would be proper to pay any damages sustained by Defendant if the injunction on foreclosure were later found wrongful.

Plaintiff has represented that he is not able to post such bond. Plaintiff, through counsel, has also indicated that monthly payments, as proposed by Defendants' counsel at the hearing, cannot be made into the Registry of the Court. With no adequate security, no injunction can issue.

Although the Court need not reach the merits of Plaintiff's claims or his likelihood of success on the merits to dispose of his request for injunctive relief, the Court notes that, in order for his underlying claims to proceed, Plaintiff will be required to show how his claims here are not barred by *res judicata* or judicial estoppel because of a previously filed and discharged bankruptcy matter. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (res judicata applies when (1) the parties in a prior and present suit are identical; (2) a court of competent jurisdiction rendered the

prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raised the same cause of action in both suits); *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 -386 (5th Cir. 2008).[1]

The Court also notes that Plaintiff no longer lives at the Property and is renting it out to tenants. If the foreclosure is wrongful or if the Property is sold at an inadequate price, monetary remedies are thus available to Plaintiff for the loss of his current rental property. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales).

For these reasons, the Court recommends that Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. 48) be DENIED.

Within fourteen (14) days after service of the magistrate judges's report, any party may serve and file written objections to the finding and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from de novo review by the district court of the

---

[1] "We have recognized three particular requirements that must be met in order for judicial estoppel to operate: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. In the context of judicial estoppel, "inadvertence" requires either that the debtor lacks knowledge of the undisclosed claim *or* has no motive for its concealment. In this circuit, we have applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed." (internal quotations and citations omitted).

proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of October, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE